# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **SEXUAL MINORITIES UGANDA,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | **3:12-CV-30051-MAP** |
| | : | |
| **v.** | : | **JUDGE MICHAEL A. PONSOR** |
| | : | |
| **SCOTT LIVELY,** | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT SCOTT LIVELY'S MOTION TO AMEND AND CERTIFY NON-FINAL ORDER FOR INTERLOCUTORY APPEAL

Pursuant to the Court's inherent authority to amend its non-final orders at any time prior to final judgment, Defendant Scott Lively respectfully moves the Court to amend its August 14, 2013 Order denying Lively's Motion to Dismiss (dkt. 59) (the "Order"), so as to include the following certification required for interlocutory appeals by 28 U.S.C. § 1292(b):

> This Order involves controlling questions of law as to which there is substantial ground for difference of opinion and an immediate appeal from this Order may materially advance the ultimate termination of the litigation.

As shown in the Memorandum in Support filed concurrently herewith, there are at least three such questions involved in the Order:

1) Whether a foreign plaintiff injured on foreign soil can maintain Alien Tort Statute claims against a U.S. citizen who allegedly aided and abetted from the United States tortious conduct on foreign soil;

2) Whether "persecution," generally or on sexual orientation or transgender grounds, is a clearly defined and universally accepted tort actionable under the Alien Tort Statute; and,

3) Whether a United States Court may punish a United States citizen for conduct that is legal in the United States.

Many courts have already examined the first question since the Supreme Court's recent decision in *Kiobel v. Royal Dutch Petroleum*, and all of them have answered it in the negative, with

one exception involving inapposite facts, which was itself certified for interlocutory appeal. And no court – before or after *Kiobel* – has ever answered the second and third questions in the affirmative.

Because these questions are novel, weighty and controlling, and because there is substantial ground for disagreement with this Court's Order, Defendant respectfully requests that the Court amend and certify its Order for interlocutory appeal.

Respectfully submitted,

Philip D. Moran                      /s/ Horatio G. Mihet_____
   (MA Bar # 353920)            Mathew D. Staver
265 Essex Street, Suite 202          Admitted Pro Hac Vice
Salem, Massachusetts 01970       Stephen M. Crampton
Tel: (978) 745-6085                  Admitted Pro Hac Vice
Fax: (978) 741-2572                 Horatio G. Mihet
Email: philipmoranesq@aol.com     Admitted Pro Hac Vice
                                   LIBERTY COUNSEL
                                   P.O. Box 540774
                                   Orlando, FL 32854-0774
                                   800-671-1776 Telephone
                                   407-875-0770 Facsimile
                                   court@lc.org

                                   Attorneys for Defendant Scott Lively

## CERTIFICATE OF CONFERRAL

Pursuant to L.R. D. Mass. 7.1(a)(2), I HEREBY CERTIFY that I conferred in good faith with counsel for Plaintiff, but was unable to resolve or narrow the issues raised herein.

                               /s/ Horatio G. Mihet_____
                               Horatio G. Mihet
                               Attorney for Defendant Scott Lively

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically with the Court on September 6, 2013. Service will be effectuated by the Court's electronic notification system upon all counsel or parties of record.

                               /s/ Horatio G. Mihet_____
                               Horatio G. Mihet
                               Attorney for Defendant Scott Lively