UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **SEXUAL MINORITIES UGANDA,** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | 3:12-CV-30051-MAP |
| | : | |
| v. | : | JUDGE MICHAEL A. PONSOR |
| | : | |
| **SCOTT LIVELY,** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT SCOTT LIVELY'S MOTION TO STAY PROCEEDINGS
PENDING ADJUDICATION OF HIS MOTION TO AMEND AND
<u>CERTIFY NON-FINAL ORDER FOR INTERLOCUTORY APPEAL</u>**

AND

<u>**REQUEST FOR EXPEDITED CONSIDERATION**</u>

Pursuant to this Court's inherent power to manage and control its litigation docket, Defendant Scott Lively ("Lively") respectfully moves the Court to stay this action pending briefing and adjudication of his Motion to Amend and Certify Non-Final Order for Interlocutory Appeal (dkt. 64) ("Motion"). In support hereof, Lively shows the Court as follows:

1. Lively filed the Motion on September 6, 2013, requesting that the Court certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), its Order Denying Lively's Motion to Dismiss. (Dkt. 64). Barring any extensions of time, the Motion will be fully briefed as of September 20, 2013. (L.R. 7.1(b)(2)).

2. The Motion is supported by substantial grounds, and is not being interposed for purposes of undue delay. Among other grounds, the Motion brings to the Court's attention eight (8) cases decided by appellate and trial courts following the Supreme Court's recent decision in *Kiobel v. Royal Dutch Petroleum*, 133 S.Ct. 1659 (2013), all of which have rejected on

extraterritoriality grounds Alien Tort Statute ("ATS") claims brought by foreign plaintiffs against U.S. citizens who allegedly aided and abetted international torts through substantial conduct in the United States. (Dkt. 65 at 6-13). The Motion also shows that only one (1) lower court has retained ATS jurisdiction following *Kiobel*; that case involved inapposite jurisdictional facts; and that case resulted in a *sua sponte* certification for interlocutory appeal – the same relief sought by Lively. (*Id*. at 14).

3.   A brief stay of this action pending briefing and adjudication of the Motion is warranted. Plaintiff Sexual Minorities Uganda ("SMUG") has indicated its intent aggressively to pursue transnational discovery, including discovery of sitting members of the Ugandan Parliament and other high-ranking Uganda government officials. Aside from the great expense and inconvenience of pursuing discovery on a different continent, this Court should assure itself that its decision on subject matter jurisdiction is correct, before it licenses the parties to pursue discovery from (and against) a foreign sovereign. *See e.g.*, *Balintulo v. Daimler AG*, 09-2778-CV L, 2013 WL 4437057, *4-5 and n.13 (2d Cir. Aug. 21, 2013) (ATS cases "create particular risks of adverse foreign policy consequences," are appropriate for immediate appellate review, and should be stayed until the lower court's subject matter jurisdiction is confirmed); *Mamani v. Berzain*, 654 F.3d 1148, 1152 (11th Cir. 2011) ("[w]e know and worry about the foreign policy implications of civil actions in federal courts against the leaders (even the former ones) of nations"). This is especially true here, where, to prevail on its ATS aiding and abetting claims against Lively, SMUG must necessarily prove that the principal actors – which include Ugandan Parliament members and high-ranking government officials – committed crimes against

humanity.[1] "It is one thing for American courts to enforce constitutional limits on our own State and Federal Governments' power, but quite another to consider suits under rules that would go so far as to claim a limit on the power of foreign governments over their own citizens, and to hold that a foreign government or its agent has transgressed those limits." *Mamani*, 654 F.3d at 1152 (reviewing ATS jurisdictional decision on interlocutory appeal, reversing denial of motion to dismiss, and remanding case with instructions to dismiss for lack of subject matter jurisdiction).

4.   This Court has the authority and discretion to issue a limited stay. *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1992) ("[i]t is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation"); *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 878-79 (1st Cir. 1977) (a federal district court has "inherent discretionary power to control its own docket").

5.   A temporary stay of this action will not harm Plaintiff. SMUG waited a decade after Mr. Lively's first trip to Uganda in 2002, and three years after his last visit in 2009, to file this lawsuit. In addition, SMUG has sought and obtained lengthy extensions of time during the course of the proceedings to date. (*E.g.*, dkts. 23, 34, 55). No trial date has been set.

6.   Lively respectfully requests expedited consideration of this motion to stay, for the reasons set forth above, and because there are several imminent litigation deadlines, including Lively's deadline to answer the Amended Complaint for which immediate appellate review is sought (September 17, 2013), and the parties' discovery conference (September 24, 2013).

WHEREFORE, for good cause shown, Defendant Scott Lively respectfully requests that the Court stay this action pending briefing and adjudication of the Motion to Amend and Certify

---

[1] There can be no secondary liability for aiding and abetting an international law violation without finding that "the principal violated international law." *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 453 F. Supp. 2d 633, 668 (S.D.N.Y. 2006) *aff'd*, 582 F.3d 244 (2d Cir. 2009).

Non-Final Order for Interlocutory Appeal, and for such other and further relief to which he may be entitled.

                                  Respectfully submitted,

| | |
|---|---|
| Philip D. Moran | /s/ Horatio G. Mihet_____ |
|    (MA Bar # 353920) | Mathew D. Staver |
| 265 Essex Street, Suite 202 |    Admitted Pro Hac Vice |
| Salem, Massachusetts 01970 | Stephen M. Crampton |
| Tel: (978) 745-6085 |    Admitted Pro Hac Vice |
| Fax: (978) 741-2572 | Horatio G. Mihet |
| Email: philipmoranesq@aol.com |    Admitted Pro Hac Vice |
| | LIBERTY COUNSEL |
| | P.O. Box 540774 |
| | Orlando, FL 32854-0774 |
| | 800-671-1776 Telephone |
| | 407-875-0770 Facsimile |
| | court@lc.org |
| | |
| | Attorneys for Defendant Scott Lively |

### CERTIFICATE OF CONFERRAL

Pursuant to L.R. D. Mass. 7.1(a)(2), I HEREBY CERTIFY that I conferred in good faith with counsel for Plaintiff, but was unable to resolve or narrow the issues raised herein.

                                  /s/ Horatio G. Mihet_____
                                  Horatio G. Mihet
                                  Attorney for Defendant Scott Lively

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically with the Court on September 10, 2013. Service will be effectuated by the Court's electronic notification system upon all counsel or parties of record.

                                  /s/ Horatio G. Mihet_____
                                  Horatio G. Mihet
                                  Attorney for Defendant Scott Lively