**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| SEXUAL MINORITIES UGANDA ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | Civil Action |
| SCOTT LIVELY, individually and as ) | |
| President of Abiding Truth Ministries ) | 3:12-CV-30051 |
| ) | |
| *Defendant*. ) | |

**JOINT REPORT REGARDING SCHEDULING AND DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1, and the Court's August 16, 2013 Order (dkt. 61) and October 17, 2013 Order (dkt. 76), undersigned counsel conferred via telephone on September 3, 2013 and October 24, 2013, and agreed to the discovery plan outlined below. Where the parties could not come to agreement, both parties' positions are summarized.

**I. Discovery**

The parties have developed a discovery plan that identifies the phases of discovery and the time the parties anticipate will be required to complete each phase. Defendant has engaged in good faith in the joint discovery planning required by the applicable civil and local rules and the court's orders, but does not waive any argument that discovery, generally or as contemplated below, is premature or otherwise improper at this time. The parties confirm the obligation to limit discovery as set forth in Fed. R. Civ. P. 26(b). The parties' proposed schedule is as follows:

a. Initial disclosures under Fed. R. Civ. P. 26(a)(1) will be exchanged by December 1, 2013. Plaintiff contends that some information that will be exchanged in discovery, including in the initial disclosures, is confidential and its disclosure should be limited to counsel. The parties will attempt in good faith to agree upon the terms of a proposed protective order. In the event they cannot reach agreement, and a contested motion for entry of a protective order is filed and pending as of December 1, 2013, the parties' initial disclosure deadline shall be postponed to 7 days after the motion is adjudicated.

b. Written discovery may be commenced 14 days after initial disclosures are exchanged.

c. The parties agree that each side will take no more than 10 depositions, provided that a party shall be entitled to exceed this limitation in order to take the deposition of any person whose testimony an opposing party intends to introduce at trial, and who was not already deposed. It is understood that the parties must otherwise seek leave of the Court to take additional depositions.

d. Depositions may commence after February 15, 2014, at mutually convenient dates and times. The parties agree that each non-party deposition will be limited to one day of seven hours. In the event that a party may require more than seven hours for the deposition of another party, counsel will confer and attempt to reach an agreement before seeking leave of court.

e. The parties agree that they will use reasonable efforts to arrange for depositions of witnesses residing abroad to be scheduled proximate in time or by video conference to minimize the trips that counsel must make outside the United States. Absent leave of court or stipulation of parties, the parties shall only travel once to a foreign country for depositions or other discovery. A party desiring to take deposition or other discovery in a foreign country shall provide the other

party with notice of its intent at least 60 days in advance, so that both parties may jointly schedule all of their discovery in that country at the same time. If unanticipated and extenuating circumstances arise that make a second trip to a foreign country necessary, the parties shall attempt in good faith to reach agreement, failing which they shall seek leave of court.

      f.      To protect a foreign sovereign from undue burden and avoid adverse foreign policy implications, Defendant proposes that the parties shall not seek or conduct compelled or involuntary discovery, including depositions, of (1) the president or vice-president of Uganda; (2) any sitting member of the Ugandan Parliament; and (3) any current head of a Ugandan government agency. Plaintiff objects to this proposal as unnecessary, premature, and improper.

      g.      Each party shall deliver to the other party bates-stamped copies of all documents produced to one party by any non-party in response to a Rule 45 subpoena, within 10 days after receiving the production, unless the non-party produces to both parties simultaneously.

      h.      All fact discovery will be completed by October 1, 2014.

      i.      Plaintiff will serve its experts' reports upon Defendant, pursuant to Fed. R. Civ. P. 26(a)(2), no later than October 31, 2014.

      j.      Defendant will serve his rebuttal reports upon Plaintiff, pursuant to Fed. R. Civ. P. 26(a)(2), no later than December 19, 2014.

      k.      Depositions of the experts will be conducted by January 30, 2015.

      l.      All expert discovery will be complete by January 30, 2015.

Notwithstanding the proposed schedule, the time period for discovery may need to be extended depending on issues that arise in seeking discovery, either in the form of documents or

witnesses, in Uganda. The parties will keep the Court apprised of any unanticipated delays and will seek leave of the Court if additional time to complete discovery is necessary.

## II. Changes to Discovery Limitations Imposed by Federal and Local Rules

The parties jointly propose that Plaintiff and Defendant should be permitted to each serve 50 interrogatories on the other party. If a party serves more than 25 interrogatories at the same time, or within the same 30 day period, the parties shall work in good faith to agree to a reasonable modification of the response deadline(s), as may be necessary.

## III. Privilege Issues

a. Should either party assert a privilege or other protection of trial-preparation material, the party making the assertion shall produce a log describing, pursuant to Fed. R. Civ. P. 26(b)(5)(A), the nature of the documents, communications, or tangible things not produced or disclosed, in a manner that, without revealing information itself privileged or protected, will enable the other party to assess the claim, and the basis for the assertion.

b. The parties agree that any inadvertent disclosure or production of documents protected by the attorney-client privilege or work-product protection will not constitute a waiver of either any available privilege or protection by the disclosing party.

## IV. Dispositive Motions

Dispositive motions will be filed by April 1, 2015. Responses are due by May 1, 2015. Replies are due by June 1, 2015.

Dated: November 1, 2013                                             Respectfully submitted,


 /s/Pamela C. Spees                                                  /s/Horatio G. Mihet
Pamela C. Spees, *admitted pro hac vice*     Horatio G. Mihet, *admitted pro hac vice*
Baher Azmy, *admitted pro hac vice*           Mathew D. Staver, *admitted pro hac vice*
Jeena Shah, *admitted pro hac vice*            Liberty Counsel
Center for Constitutional Rights                      P.O. Box 540774
666 Broadway, 7th Floor                                Orlando, FL 32854-0774
New York, NY 10012                                      Tel. 800-671-1776
Tel. 212-614-6431                                              Fax 407-875-0770
Fax 212-614-6499                                             court@lc.org
pspees@ccrjustice.org

                                                                          Philip D. Moran (MA Bar No. 353920)
Luke Ryan (MA Bar No. 664999)              265 Essex Street, Suite 202 Salem,
100 Main Street, Third Floor                         Massachusetts 01970
Northampton, MA 01060                              Tel. 978-745-6085
Tel. 413-586-4800                                            Fax 978-741-2572
Fax 413-582-6419                                           philipmoranesq@aol.com
lryan@strhlaw.com

                                                                          *Attorneys for Defendant*
*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed electronically, that it will be served electronically upon all parties of record who are registered CM/ECF participants via the NEF, and that paper copies will be sent to any parties indicated on the NEF as non-registered participants on November 1, 2013.


                                                                          /s/Pamela Spees
                                                                          Pamela Spees
                                                                          Counsel for Plaintiff

5