**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **SEXUAL MINORITIES UGANDA,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | **3:12-CV-30051-MAP** |
| | : | |
| **v.** | : | **JUDGE MICHAEL A. PONSOR** |
| | : | |
| **SCOTT LIVELY, individually and as** | : | **JURY TRIAL DEMANDED** |
| **President of Abiding Truth Ministries,** | : | |
| | : | |
| **Defendant.** | : | |

---

### DEFENDANT SCOTT LIVELY'S ANSWER AND DEFENSES
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

For his answer to the First Amended Complaint (dkt. 27) ("Complaint") filed by Plaintiff Sexual Minorities Uganda ("SMUG"), Defendant Scott Lively, individually and as President of Abiding Truth Ministries (collectively "Lively")[1], denies, admits and avers as follows:

### As to Introduction

1)      In response to paragraph 1 of SMUG's Complaint, Lively admits that he is a United States citizen and resident, admits that he is an author and evangelical minister, and admits that he was licensed to practice law in California which license is currently on inactive status. Lively denies the allegations concerning SMUG for lack of knowledge or information sufficient to form a belief about their truth, and denies all other allegations in said paragraph.

2)      In response to paragraph 2 of SMUG's Complaint, Lively admits that SMUG purports to bring this case under the Alien Tort Statute, 28 U.S.C. § 1350, but denies that SMUG

---

[1] Lively avers that, to the extent any of the acts, omissions or conduct alleged throughout this Complaint were actually undertaken by him, they were undertaken solely in his capacity as an officer of Abiding Truth Ministries, a bona-fide corporation, and, as such, Lively cannot be held individually liable for said acts, omissions or conduct.

has stated any claim for relief, denies that the Court has subject-matter jurisdiction and denies all other allegations in said paragraph.

3)      Lively denies the allegations in paragraph 3 of SMUG's Complaint.

4)      In response to paragraph 4 of SMUG's Complaint, Lively admits that SMUG purports to also bring tort claims under Massachusetts state law, but denies that SMUG has stated any claim for relief, denies that the Court has subject-matter jurisdiction, denies that SMUG's tort claims are governed by Massachusetts law, and denies all other allegations in said paragraph.

5)      Lively denies the allegations in paragraph 5 of SMUG's Complaint.

6)      Lively denies the allegations in paragraph 6 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

7)      In response to paragraph 7 of SMUG's Complaint, Lively admits that he visited Uganda twice in 2002 on behalf of Abiding Truth Ministries, and denies all other allegations in said paragraph.

8)      Lively denies the allegations in paragraph 8 of SMUG's Complaint.

9)      In response to paragraph 9 of SMUG's Complaint, Lively admits that he firmly and publicly opposed the harsh penalties proposed by the Anti-Homosexuality Bill, which was never enacted, and denies all other allegations in said paragraph.

10)     In response to paragraph 10 of SMUG's Complaint, Lively admits that David Kato is now dead because he was killed by a homosexual prostitute whom Kato hired for sexual

services but refused to pay, and denies all other allegations in said paragraph for lack of knowledge or information sufficient to form a belief about their truth.

11) Lively denies the allegations in paragraph 11 of SMUG's Complaint.

12) Lively denies the allegations in paragraph 12 of SMUG's Complaint.

13) In response to paragraph 13 of SMUG's Complaint, Lively admits that SMUG seeks declaratory, compensatory, punitive and injunctive relief in this action, but denies that there any grounds for such relief, denies that the Court has subject-matter jurisdiction to provide such relief, denies that SMUG has standing to seek such relief, and denies all other allegations in said paragraph.

14) Lively denies the allegations in paragraph 14 of SMUG's Complaint.

### As to Jurisdiction and Venue

15) Lively denies the allegations in paragraph 15 of SMUG's Complaint, and specifically denies that the Court has subject-matter jurisdiction.

16) In response to paragraph 16 of SMUG's Complaint, Lively admits that this Court has personal jurisdiction over him, and denies all other allegations in said paragraph, and denies that this action is properly venued in this Court.

### As to Jury Demand

17) In response to paragraph 17 of SMUG's Complaint, Lively admits that SMUG has demanded a trial by jury on each and every one of its claims.

### As to the Parties

18 – 20) Lively denies the allegations in paragraphs 18 through 20 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth.

21) Lively denies the allegations in paragraph 21 of SMUG's Complaint.

22)      In response to paragraph 22 of SMUG's Complaint, Lively admits that he is a citizen of the United States and resident of Springfield, Massachusetts, admits that he is a writer and evangelical minister, admits that he was licensed to practice law in California which license is currently on inactive status, admits that he is a founder and President of Abiding Truth Ministries, admits that Abiding Truth Ministries operates the DefendtheFamily.com website and a Pro-Family Resource Center, and denies all other allegations in said paragraph. Further answering paragraph 22 of SMUG's Complaint, Lively avers that, to the extent any of the acts, omissions or conduct alleged throughout this Complaint were actually undertaken by him, they were undertaken solely in his capacity as an officer of Abiding Truth Ministries, a bona-fide corporation, and, as such, Lively cannot be held individually liable for said acts, omissions or conduct.

23)      Lively denies the allegations in paragraph 23 of SMUG's Complaint.

24)      In response to paragraph 24 of SMUG's Complaint, Lively admits that he, on behalf of Abiding Truth Ministries, has authored or co-authored *The Pink Swastika*, *The Poisoned Stream*, and *Redeeming the Rainbow*, which works speak for themselves, and denies all other allegations in said paragraph.

## As to Factual Allegations, and

## As to An Overview of Alleged Persecution in Uganda

25)      Lively denies the allegations in paragraph 25 of SMUG's Complaint.

26)      Lively denies the allegations in paragraph 26 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth.

27)      Lively denies the allegations in paragraph 27 of SMUG's Complaint.

28 – 33)      Lively denies the allegations in paragraphs 28 through 33 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

34)      In response to paragraph 34 of SMUG's Complaint, Lively admits that SMUG and its constituents have had ample access to the Ugandan courts and justice system for the redress of their grievances, admits that SMUG has successfully employed the Ugandan courts and justice system to further its agenda, and denies all other allegations in said paragraph for lack of knowledge or information sufficient to form a belief about their truth.

35)      Lively denies the allegations in paragraph 35 of SMUG's Complaint.

36)      In response to paragraph 36 of SMUG's Complaint, Lively admits that he visited Uganda in March 2009 on behalf of Abiding Truth Ministries, admits that he attended and spoke at a pro-family conference and spoke publicly to other groups and gatherings during his trip, admits that he exchanged conversational greetings with some members of the Ugandan Parliament, admits that the Ugandan media reported on his visit and speeches, and denies all other allegations in said paragraph.

37 – 38)      In response to paragraphs 37 and 38 of SMUG's Complaint, Lively admits that in 2009 the Ugandan Parliament briefly considered an Anti-Homosexuality Bill, which proposed law speaks for itself, admits that he publicly opposed this proposed law, admits that the proposed law has never been enacted, and denies all other allegations in said paragraphs.

39 – 42)      Lively denies the allegations in paragraphs 39 through 42 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and,

in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

### As to the Alleged Conspiracy/Joint Criminal Enterprise

43 – 45)     Lively denies the allegations in paragraphs 43 through 45 of SMUG's Complaint.

### As to Scott Lively

46)     Lively denies the allegations in paragraph 46 of SMUG's Complaint.

47 – 52)     In response to paragraphs 47 through 52 of SMUG's Complaint, Lively admits that he traveled to Uganda twice in 2002 on behalf of Abiding Truth Ministries, admits that during those visits he spoke publicly to pastors, university students and the Kampala City Council about his conventional Christian and biblical view on pornography and homosexuality, admits that he spoke in favor of the regulation of pornography, and denies all other allegations in said paragraphs.

53)     Lively denies the allegations in paragraph 53 of SMUG's Complaint.

54)     In response to paragraph 54 of SMUG's Complaint, Lively admits that prior to 2002 he wrote the book *The Pink Swastika* on behalf of Abiding Truth Ministries, which book speaks for itself, admits that he spoke about the book in Uganda, and denies all other allegations in said paragraph.

55 – 57)     Lively denies the allegations in paragraphs 55 through 57 of SMUG's Complaint.

58 – 59)     In response to paragraphs 58 and 59 of SMUG's Complaint, Lively admits that he wrote the *Defend the Family Activist Handbook* on behalf of Abiding Truth Ministries for

pro-family volunteers in Latvia, which manuscript speaks for itself, and denies all other allegations in said paragraphs.

60)      In response to paragraph 60 of SMUG's Complaint, Lively admits that he wrote the book *Redeeming the Rainbow* on behalf of Abiding Truth Ministries, which book speaks for itself, and denies all other allegations in said paragraph.

61 – 63)      In response to paragraphs 61 through 63 of SMUG's Complaint, Lively admits that he, along with millions of other Christians worldwide who share a biblical worldview, is generally opposed to the expansion of non-discrimination laws to include sexual preference, sexual conduct or transgender status, admits that he has shared his views and opinions publicly, which writings and speeches speak for themselves, and denies all other allegations in said paragraphs.

64)      Lively denies the allegations in paragraph 64 of SMUG's Complaint.

65)      In response to paragraph 65 of SMUG's Complaint, Lively admits that he wrote the book *Redeeming the Rainbow* on behalf of Abiding Truth Ministries, which book speaks for itself, and denies all other allegations in said paragraph.

66)      In response to paragraph 66 of SMUG's Complaint, Lively admits that on January 10, 2010, Abiding Truth Ministries published a press release titled "*Defend the Family Intl Endorses Revised Uganda Bill*," which statement speaks for itself, and denies all other allegations in said paragraph.

67)      In response to paragraph 67 of SMUG's Complaint, Lively admits that on October 15, 2007, he published on behalf of Abiding Truth Ministries an article titled "*Letter to the Russian People*," which article speaks for itself, and denies all other allegations in said paragraph.

68 – 69)      In response to paragraphs 68 and 69 of SMUG's Complaint, Lively admits that in 2009 the Ugandan Parliament considered an Anti-Homosexuality Bill, which proposed law speaks for itself, admits that he publicly opposed this proposed law, admits that the proposed law has never been enacted, and denies all other allegations in said paragraphs.

70)      In response to paragraph 70 of SMUG's Complaint, Lively admits that in April 2012, he on behalf of Abiding Truth Ministries was interviewed by *Roadkill Radio News*, which interview speaks for itself, and denies all other allegations in said paragraph.

71)      In response to paragraph 71 of SMUG's Complaint, Lively admits that homosexual conduct and homosexual advocacy were illegal in Uganda long before his visits there, admits that they remain illegal today, and admits that Ugandan law on homosexuality has not changed since his visits to Uganda. Lively denies all other allegations in said paragraph for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

72)      In response to paragraph 72 of SMUG's Complaint, Lively admits that he wrote the book *Redeeming the Rainbow* on behalf of Abiding Truth Ministries, which book speaks for itself, and denies all other allegations in said paragraph.

73 – 74)      Lively denies the allegations in paragraphs 73 and 74 of SMUG's Complaint.

75)      In response to paragraph 75 of SMUG's Complaint, Lively admits that on behalf of Abiding Truth Ministries he attended and spoke at a pro-family conference in Kampala, Uganda in March 2009, and denies all other allegations in said paragraph.

8

76 – 79)      In response to paragraphs 76 through 79 of SMUG's Complaint, Lively admits that on behalf of Abiding Truth Ministries he wrote publicly about his 2009 visit to Uganda, which writings speak for themselves, and denies all other allegations in said paragraphs.

80 – 82)      In response to paragraphs 80 through 82 of SMUG's Complaint, Lively admits that on behalf of Abiding Truth Ministries he attended and spoke at a pro-family conference in Kampala, Uganda in March 2009, but denies that SMUG has accurately described Lively's speech at the conference, and denies all other allegations in said paragraphs.

83 – 84)      Lively denies the allegations in paragraphs 83 and 84 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

85)      In response to paragraph 85 of SMUG's Complaint, Lively admits that on behalf of Abiding Truth Ministries he was interviewed by *Roadkill Radio News* regarding his 2009 visit to Uganda, which interview speaks for itself, and denies all other allegations in said paragraph.

86)      In response to paragraph 86 of SMUG's Complaint, Lively admits that on behalf of Abiding Truth Ministries he reviewed and commented upon a draft of the Anti-Homosexuality Bill considered by the Ugandan Parliament, admits that his comments were to urge departure from the bill's proposed penalties, admits that the proposed law has never been enacted, and denies all other allegations in said paragraph.

87)      Lively denies the allegations in paragraph 87 of SMUG's Complaint.

88 – 90)      In response to paragraphs 88 through 90 of SMUG's Complaint, Lively admits that on behalf of Abiding Truth Ministries he wrote publicly and was interviewed about

his 2009 visit to Uganda, which writings and interviews speak for themselves, and denies all other allegations in said paragraphs.

91)     Lively denies the allegations in paragraph 91 of SMUG's Complaint.

92)     In response to paragraph 92 of SMUG's Complaint, Lively admits that he wrote an articled entitled "*Murdering Uganda*" on behalf of Abiding Truth Ministries, which article speaks for itself, and denies all other allegations in said paragraph.

93)     Lively denies the allegations in paragraph 93 of SMUG's Complaint.

## As to Stephen Langa

94)     In response to paragraph 94 of SMUG's Complaint, Lively admits that he has in the past called Stephen Langa a good friend and ministry partner, denies for lack of knowledge or information sufficient to form a belief about their truth the allegations regarding Mr. Langa's current title(s) and position(s), and denies all other allegations in said paragraph.

95 – 96)     Lively denies the allegations in paragraphs 95 and 96 of SMUG's Complaint.

97 – 99)     Lively denies the allegations in paragraphs 97 through 99 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

100 – 102)     Lively denies the allegations in paragraphs 100 through 102 of SMUG's Complaint.

103)     In response to paragraph 103 of SMUG's Complaint, Lively admits that he visited Uganda in March 2009 on behalf of Abiding Truth Ministries, admits that on this visit he spoke

publicly with some members of the Ugandan Parliament and others, admits that the Ugandan media reported on his visit and speeches, and denies all other allegations in said paragraph.

104 – 111)    Lively denies the allegations in paragraphs 104 through 111 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

112)    Lively denies the allegations in paragraph 112 of SMUG's Complaint.

113 – 116)    Lively denies the allegations in paragraphs 113 through 116 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

117)    In response to paragraph 117 of SMUG's Complaint, Lively admits that an Anti-Homosexuality Bill was reintroduced in the Ugandan Parliament in 2012, which proposed law speaks for itself, admits that he publicly opposed this proposed law, admits that the proposed law has never been enacted, and denies all other allegations in said paragraph.

118)    Lively denies the allegations in paragraph 118 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

### As to Martin Ssempa

119)    In response to paragraph 119 of SMUG's Complaint, Lively admits that Martin Ssempa is pastor and founder of the Makerere Community Church in Kampala, Uganda, admits

that Lively has described Mr. Ssempa as a leading media figure in Uganda, and denies all other allegations in said paragraph.

120 – 128)     Lively denies the allegations in paragraphs 120 through 128 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

129)     In response to paragraph 129 of SMUG's Complaint, Lively admits that Mr. Ssempa was present for part of the March 2009 pro-family conference in Kampala, Uganda, and denies all other allegations in said paragraph.

130 – 138)     Lively denies the allegations in paragraphs 130 through 138 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

139)     In response to paragraph 139 of SMUG's Complaint, Lively admits that on behalf of Abiding Truth Ministries he gave an interview to Current TV about Uganda, which interview speaks for itself, and denies all other allegations in said paragraph.

140)     In response to paragraph 140 of SMUG's Complaint, Lively admits that on behalf of Abiding Truth Ministries on one occasion he sent one open letter to Mr. Bahati through Mr. Ssempa, which letter speaks for itself, admits that the letter was publicly posted on the DefendtheFamily.com website, admits that the letter urged departure from the harsh penalties proposed in the draft Anti-Homosexuality Bill which was never enacted, and denies all other allegations in said paragraph.

**As to James Nsaba Buturo**

141 – 142)    Lively denies the allegations in paragraphs 141 and 142 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

143)    In response to paragraph 143 of SMUG's Complaint, Lively admits that on behalf of Abiding Truth Ministries he met briefly with Mr. Buturo in Uganda in March 2009, admits that he has publicly acknowledged this brief interaction, and denies all other allegations in said paragraph.

144)    Lively denies the allegations in paragraph 144 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth.

145)    In response to paragraph 145 of SMUG's Complaint, Lively denies that he advocated forced conversion therapy, and denies all other allegations in said paragraph for lack of knowledge or information sufficient to form a belief about their truth.

146 – 156)    Lively denies the allegations in paragraphs 146 through 156 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

**As to David Bahati**

157)    In response to paragraph 157 of SMUG's Complaint, Lively admits that David Bahati is a member of Uganda's Parliament, and denies all other allegations in said paragraph for lack of knowledge or information sufficient to form a belief about their truth.

158)     Lively denies the allegations in paragraph 158 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth.

159)     In response to paragraph 159 of SMUG's Complaint, Lively admits that in 2009 Mr. Bahati introduced an Anti-Homosexuality Bill in the Ugandan Parliament, admits that Lively publicly opposed this proposed law, admits that the proposed law has never been enacted, and denies all other allegations in said paragraph.

160)     In response to paragraph 160 of SMUG's Complaint, Lively denies that he supported or encouraged the Anti-Homosexuality Bill as first introduced by Mr. Bahati, and denies all other allegations in said paragraph for lack of knowledge or information sufficient to form a belief about their truth.

161)     In response to paragraph 161 of SMUG's Complaint, Lively admits that on behalf of Abiding Truth Ministries he reviewed and commented upon a draft of the Anti-Homosexuality Bill considered by the Ugandan Parliament, admits that his comments were to urge departure from the bill's proposed penalties, admits that the proposed law has never been enacted, and denies all other allegations in said paragraph.

162 – 164)     Lively denies the allegations in paragraphs 162 through 164 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

### As to the Alleged Severe Deprivation of Fundamental Rights

165 – 220)     Lively denies the allegations in paragraphs 165 through 220 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and,

in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

221)   In response to paragraph 221 of SMUG's Complaint, Lively admits that SMUG and its constituents have had ample access to the Ugandan courts and justice system for the redress of their grievances, admits that SMUG has successfully employed the Ugandan courts and justice system to further its agenda, and denies all other allegations in said paragraph for lack of knowledge or information sufficient to form a belief about their truth.

222)   In response to paragraph 222 of SMUG's Complaint, Lively admits that David Kato was killed by a homosexual prostitute whom Kato hired for sexual services but refused to pay, and denies all other allegations in said paragraph for lack of knowledge or information sufficient to form a belief about their truth.

223 – 228)   Lively denies the allegations in paragraphs 223 through 228 of SMUG's Complaint for lack of knowledge or information sufficient to form a belief about their truth, and, in any event, denies that any of the complained of conduct, to the extent it ever occurred, can be causally connected to him.

## As to General Allegations Common to All Counts

229)   In response to paragraph 229 of SMUG's Complaint, Lively re-alleges and incorporates by reference his responses to the incorporated paragraphs.

230 – 235)   Lively denies the allegations in paragraphs 230 through 235 of SMUG's Complaint.

## As to First Claim for Relief

236)   In response to paragraph 236 of SMUG's Complaint, Lively re-alleges and incorporates by reference his responses to the incorporated paragraphs.

237 – 239)    Lively denies the allegations in paragraphs 237 through 239 of SMUG's Complaint.

## As to Second Claim for Relief

240)    In response to paragraph 240 of SMUG's Complaint, Lively re-alleges and incorporates by reference his responses to the incorporated paragraphs.

241 – 245)    Lively denies the allegations in paragraphs 241 through 245 of SMUG's Complaint.

## As to Third Claim for Relief

246)    In response to paragraph 246 of SMUG's Complaint, Lively re-alleges and incorporates by reference his responses to the incorporated paragraphs.

247 – 250)    Lively denies the allegations in paragraphs 247 through 250 of SMUG's Complaint.

## As to Fourth Claim for Relief

251)    In response to paragraph 251 of SMUG's Complaint, Lively re-alleges and incorporates by reference his responses to the incorporated paragraphs.

252 – 256)    Lively denies the allegations in paragraphs 252 through 256 of SMUG's Complaint.

## As to Fifth Claim for Relief

257)    In response to paragraph 257 of SMUG's Complaint, Lively re-alleges and incorporates by reference his responses to the incorporated paragraphs.

258 – 262)    Lively denies the allegations in paragraphs 258 through 262 of SMUG's Complaint.

## RESIDUAL DENIAL

263)    Lively denies each and every allegation in SMUG's Complaint other than those specifically admitted above.

## ADDITIONAL DEFENSES

1)    SMUG's Complaint fails to state a cause of action.

2)    This Court lacks subject-matter jurisdiction over SMUG's Complaint.

3)    SMUG lacks individual and/or associational standing to bring the claims in its Complaint.

4)    SMUG lacks individual and/or associational standing to seek the relief in its Complaint.

5)    SMUG's Complaint is barred by the extraterritorial limitation enunciated in *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659 (2013), and its progeny.

6)    SMUG's Complaint is barred by the First Amendment to the United States Constitution.

7)    SMUG's Complaint is barred by the applicable statute(s) of limitations.

8)    SMUG's Complaint is barred by the doctrine of laches.

9)    SMUG's Complaint is barred by the doctrine of forum non conveniens.

10)    SMUG's Complaint is barred by its failure to join necessary and indispensible parties.

11)    SMUG's Complaint is barred by the act of state doctrine.

12)    SMUG's Complaint is barred by the political question doctrine.

13)    SMUG's Complaint is barred by SMUG's failure to exhaust domestic remedies in its own country.

14)     SMUG's Complaint is barred by the doctrine of international comity.

15)     SMUG's Complaint is barred by the foreign affairs doctrine.

16)     SMUG's Complaint is barred by the Foreign Sovereign Immunities Act, and/or the doctrines of diplomatic immunity and/or head-of-state immunity.

17)     SMUG's Alien Tort Statute claims against Scott Lively are barred because Lively, individually or as President of Abiding Truth Ministries, is not a state actor.

18)     SMUG's Alien Tort Statute claims against Scott Lively, as President of Abiding Truth Ministries, are barred because international law does not recognize such claims against corporations.

19)     SMUG's Complaint against Scott Lively, individually, is barred as a matter of law because, to the extent any of the acts, omissions or conduct alleged throughout this Complaint were actually undertaken by Lively, they were undertaken solely in his capacity as an officer of Abiding Truth Ministries, a bona-fide corporation, and, as such, Lively cannot be held individually liable for said acts, omissions or conduct.

20)     SMUG's negligence claim against Scott Lively is barred by SMUG's assumption of risk and/or contributory and/or comparative negligence.

21)     SMUG's Complaint against Scott Lively is barred by illegality of SMUG's conduct.

22)     SMUG's Complaint against Scott Lively is barred because, to the extent Lively committed any of the acts or omissions alleged therein, he did not do so with the requisite level of intent.

23)     SMUG's injuries or damages, if any, were caused by independent third parties.

WHEREFORE, Lively respectfully prays that SMUG take nothing by its Complaint, that the Complaint be dismissed with prejudice, and that Lively be awarded his reasonable costs and fees for defending against this action, together will all such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Lively hereby demands a trial by jury on each and every issue that is so triable, and by the maximum number of jurors allowed by law.

Respectfully submitted,

Philip D. Moran                              /s/ Horatio G. Mihet_____
   (MA Bar # 353920)                      Mathew D. Staver
265 Essex Street, Suite 202                 Admitted Pro Hac Vice
Salem, Massachusetts 01970              Stephen M. Crampton
Tel: (978) 745-6085                           Admitted Pro Hac Vice
Fax: (978) 741-2572                         Horatio G. Mihet
Email: philipmoranesq@aol.com           Admitted Pro Hac Vice
                                            LIBERTY COUNSEL
                                            P.O. Box 540774
                                            Orlando, FL 32854-0774
                                            800-671-1776 Telephone
                                            407-875-0770 Facsimile
                                            court@lc.org

                                            Attorneys for Defendant Scott Lively

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically with the Court on November 20, 2013. Service will be effectuated by the Court's electronic notification system upon all counsel or parties of record.

                                            /s/ Horatio G. Mihet_____
                                            Horatio G. Mihet
                                            Attorney for Defendant Scott Lively