## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## SPRINGFIELD DIVISION

| | |
|---|---|
| SEXUAL MINORITIES UGANDA ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | Civil Action |
| SCOTT LIVELY, individually and as ) | |
| President of Abiding Truth Ministries ) | 3:12-CV-30051 |
| ) | |
| *Defendant.* ) | |

## ORDER REGARDING CONFIDENTIALITY OF CERTAIN DISCOVERY MATERIAL

IT IS HEREBY ORDERED that the parties shall follow the procedures set forth below
with respect to information, documents, electronically stored information, testimony, or things
produced or otherwise disclosed ("Discovery Material") in the above-captioned action (the
"Action").

1.     Scope. All Discovery Material furnished by a party or non-party in conjunction
with this Action that is confidential ("Confidential Discovery Material") may be designated
CONFIDENTIAL and furnished to counsel for the parties, the parties, and/or other qualified
persons pursuant to the terms of this Protective Order ("Order"). Any party or third party who
provides Confidential Discovery Material in this Action ("Designating Party") may designate it
as CONFIDENTIAL if there is a good faith basis for the belief that it contains information that
(a) is highly private and personal; (b) may subject a person or organization to a risk of imminent
harm or undue harassment; or (c) is protected from public disclosure by law or contract. The
individual or entity receiving the Confidential Discovery Material shall treat it as confidential
and shall not use or disclose the material except as set forth in this Order. The provisions of this

1

Order extend to all Confidential Discovery Material regardless of the manner in which it is disclosed, except that this Order shall not apply to or affect the use of information obtained by a party outside the course of formal discovery in this Action or information that is available publicly, including on the Internet.

2.   Confidential Discovery Material Filed with the Court. If a party intends to file with the Court any Confidential Discovery Material (or any pleading, motion or memorandum referring to Confidential Discovery Material), that party shall publicly file only a redacted version of the filing, omitting all references to the Confidential Discovery Material, even if the filing party believes that the material subject to this Order is not properly classified as confidential, and shall concurrently send to the Clerk of the Court and to Chambers an unredacted version in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _March 3, 2014_ ," which the Clerk shall file under seal.

3.   Use of Confidential Discovery Material. Confidential Discovery Material shall be used by any party, other than the producing party, solely for the purpose of conducting this Action, except as required by United States federal or state law, and shall not be disclosed by the party receiving such material to anyone except as provided herein. If, after designating specific Discovery Material as CONFIDENTIAL, the producing party thereafter discloses such material publicly or in a manner that is inconsistent with this Order, the receiving party may provide to the producing party written notice of its belief that this Order no longer applies as to the disclosed information. If the parties cannot agree, within seven (7) days of such notice, the producing party may move the Court for continued protection of the disclosed information. If a motion is timely filed, this Order shall continue to apply pending adjudication of the motion. If no motion is timely filed, this Order shall no longer apply to the disclosed information.

2

4.     Disclosure of Confidential Discovery Material. Subject to Paragraph 5, access to Discovery Material designated CONFIDENTIAL pursuant to this Order shall be limited to:

> (a)     the parties, including any director, officer or employee of the Plaintiff charged with the responsibility for making decisions dealing directly with the resolution of this Action, and counsel of record for the parties, including members or associates of such counsel's firm, as well as their legal interns, paralegals, and secretarial and clerical personnel who are engaged in assisting such counsel in this Action;

> (b)     any investigators assisting counsel of record for the parties in this Action, so long as (i) Confidential Discovery Material is disclosed strictly for the purpose of investigating facts in this Action and only to the extent necessary to conduct the investigation, (ii) such investigators are not employed by or affiliated with any named co-conspirator or an affiliate of any named co-conspirator in this Action, (iii) counsel have a good faith basis to believe that such investigators will not disclose any Confidential Discovery Material with any person not qualified to receive such material under the provisions of this Order, and (iv) no more than five persons are designated by a party as "investigators" for the purposes of compliance with this Order;

> (c)     outside photocopying, data processing, graphic production, stenographers or videographers engaged by the parties or their counsel of record to assist in this Action, provided that the written consent of the Designating Party shall be first obtained if an aforementioned individual resides outside the United States, which consent shall not be unreasonably withheld;

3

(d)     experts retained and/or consulted by counsel of record in this action, so long as (i) Confidential Discovery Material is disclosed strictly for the purpose of seeking such experts' consultation and/or testimony in this Action and only to the extent necessary for such experts to provide such consultation and/or testimony, (ii) such experts are not employed by or affiliated with any named co-conspirator or an affiliate of any named co-conspirator in this Action, (iii) counsel have a good faith basis to believe that such experts will not disclose any Confidential Discovery Material with any person not qualified to receive such information under the provisions of this Order, and (iv) no more than five persons are designated by a party as an "expert" for the purposes of compliance with this Order;

(e)     any person, witness or potential witness who, in the good faith belief of a party and its counsel, may possess discoverable information about the credibility or veracity of any Confidential Discovery Material, provided that reasonable prior notice is given to counsel for the Designating Party (individuals shown Confidential Discovery Material pursuant to this subparagraph shall not be allowed to retain copies);

(f)     any person who authored or received the particular material to be disclosed to that person (provided that the document has not been altered since that person authored or received the material);

(g)     this Court or any other Court in the United States exercising jurisdiction with respect to this Action, such court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or

4

transcribing testimony or argument at any deposition, hearing, trial, or appeal in this
Action;

     (h)    any other person to whom the Designating Party agrees in writing; and

     (i)    one designated officer and one designated director of Abiding Truth

Ministries, provided that these designees are subject to the jurisdiction of this Court.

5.    Notification of the Order for Confidential Discovery Material. Confidential

Discovery Material may be disclosed pursuant to paragraph 4 provided that the person who
receives the Confidential Discovery Material is provided a copy of this Order, represents that
he/she has read and understands the provisions of this Order and agrees to be bound by the
provisions of this Order by signing a copy of the form attached as Exhibit A. Counsel for the
respective parties shall retain copies of any acknowledgement forms executed by persons
pursuant to this Order until such time as this Action, including all appeals, is concluded. If a
party's counsel wishes to interview an individual residing in a foreign country in a manner other
than in-person and that individual does not have access to electronic mail or does not wish to
provide interviewing counsel with an email address, but counsel needs to disclose Confidential
Discovery Material to that individual, counsel shall first inform opposing counsel and they shall
endeavor to come to an agreement ~~with opposing counsel~~ regarding the manner the individual's
acknowledgment of the terms of the Protective Order (and a willingness to be bound thereby)
may be accomplished, including but not limited to recording the relevant portion of the
interview.

6.    Designation of Confidential Discovery Material Used in Depositions. Transcripts
of depositions, or portions thereof, that refer to Confidential Discovery Material may be
designated CONFIDENTIAL by counsel for the deponent or by counsel for the party who

5

produced any Confidential Discovery Material used in the deposition pursuant to paragraph 4(e). Designation of Confidential Discovery Material may be made (a) on the record at deposition or (b) in writing to all parties and the court reporter specifying the portions of the transcript and exhibits which are to be so designated within ten (10) business days after receipt of the final unsigned deposition transcript. If requested by any party or third party before expiration of the aforesaid ten-day period, the entire deposition transcript shall be treated as Confidential Discovery Material pending specific designations within the allotted period of time.

7.     Use of Confidential Discovery Material at Trial or Hearing. A party may, subject to the rules of evidence and further Orders of the Court, use any Confidential Discovery Material for any purpose at trial or at any hearing before a judicial officer in this Action, provided reasonable notice is given to counsel for the Designating Party and that such material is discussed *in camera*, unless the Designating Party consents to the use of such material in open court.

8.     Use of Confidential Discovery Material in a Foreign Court or Administrative Body. A party may use Confidential Discovery Material in a filing under seal before any court or administrative body in a foreign jurisdiction to which application is made to permit or compel discovery from an individual or entity within its jurisdiction for the sole purpose of conducting this Action and may disclose such Confidential Discovery Material to any local counsel and support personnel whose assistance is reasonably necessary in making such application and who have read and agree to be bound by the provisions of this Order by signing Exhibit A, so long as the party obtains written consent from the Designating Party or, should the Designating Party refuse to consent, a favorable ruling of this Court on a motion to use such material in a foreign court or administrative body.

6

9. Objections to Designations. In the event a party objects to the CONFIDENTIAL designation under this Order by another party of any material, including, but not limited to deposition transcripts, the objecting party shall advise the Designating Party in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it. If the parties, after consulting, cannot resolve their differences, within fourteen (14) days of receiving the objection, the Designating Party shall either remove the designation or move the Court for a determination that the designation is proper. If a motion is timely filed, the objecting party shall treat the material as CONFIDENTIAL pending a decision by the Court. If a motion is not timely filed, the designation shall be deemed waived and removed.

10. Designation of Confidential Discovery Material After Production. If at any time prior to the trial of this action, a party realizes that some portion(s) of discovery material that that party had previously produced without limitation should be designated as CONFIDENTIAL, that party may so notify the other party in writing and, within ten (10) business days of giving notice, provide the other party with a replacement version of such discovery material that bears the "CONFIDENTIAL" designation. If the notified party objects to the CONFIDENTIAL designation, that party shall so notify the Designating Party in writing within three days of receiving the replacement version. If the parties are unable to resolve their differences, the DESIGNATING PARTY, within fourteen (14) days of receiving the objection, shall either remove the designation or move the Court for a determination that the designation is proper. If a motion is not timely filed, the designation shall be deemed null and void.

11. Preservation of Rights and Privileges.

(a) Nothing contained in this Order shall affect the right, if any, of any party or witness to make any type of objection, claim, or other response to discovery requests, including, without

7

limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. However, no party may withhold materials or decline to answer questions based solely on a claim that the material sought is Confidential Discovery Material. Nor shall this Order be construed as a waiver by any party of the right to withhold any Confidential Discovery Material on grounds of any legally cognizable privilege, or of any right which any party may have to assert such privilege at any stage of this Action. Nor shall this Order be construed as a waiver by any party as to the relevance or admissibility of any Confidential Discovery Material at any hearing or trial.

(b) Nothing in this Order shall diminish the existing rights and responsibilities of the parties and other persons involved in this Action with respect to the protection of Confidential Discovery Material, as defined herein or otherwise. Nothing in this Order shall be construed to preclude a party from waiving, in writing or on the record, provisions set forth herein in specific instances to expedite this Action. Nothing in this Order shall be construed to preclude any party to this Action from seeking and obtaining additional protection with respect to the treatment of material covered by this Order.

12.  Return of Materials.  The provisions of this Order shall, absent written permission of the Designating Party or further Order of this Court, continue to be binding throughout and after the conclusion of the Action.  Within thirty (30) days after the final resolution of this Action, all Confidential Discovery Material produced by a party, copies of such material, and other documents containing Confidential Discovery Material—including all copies and other documents containing Confidential Discovery Material in the possession of experts, investigators, or others to whom Confidential Discovery Material was provided pursuant to Paragraphs 4 and 5—shall be destroyed or, at the request of the Designating Party, returned to

8

counsel for that party. Counsel shall be entitled to retain pleadings, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Discovery Material, so long as such material is clearly marked to reflect that it contains material subject to this Order.

13. Notice. Any party or person in possession of Discovery Material that has been designated Confidential Discovery Material who reasonably should have knowledge of the designation and who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Discovery Material, shall promptly give written notice by e-mail and regular mail to counsel for the Designating Party, identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Discovery Material that such material is confidential, subject to a protective order and may not be disclosed without the consent of the party that produced the material or court order. The person subject to the subpoena or other process shall not produce or disclose the requested material until ordered to do so by a United States court or otherwise required by United States federal or state law to produce or disclose such material.

14. Secure Facilities. All Confidential Discovery Material shall be kept in secure facilities. For purposes of this provision, "secure facilities" includes the law offices, residences, and password-protected computers of counsel of record for the parties and of any person authorized to receive Confidential Discovery Material under this Order.

9

15.     Inadvertent or Unintentional Disclosure. The inadvertent or unintentional disclosure by the producing party of Discovery Material subject to a claim of privilege, including, but not limited to, the attorney-client privilege or work product doctrine (an "Inadvertently Produced Privileged Document"), regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of privilege, either as to the specific material disclosed or as to any other material relating thereto or on the same or related subject matter. Upon learning of an Inadvertently Produced Privileged Document, the producing party shall within ten days assert a claim of privilege and request that the Inadvertently Produced Privileged Document be destroyed or returned.  Upon receipt of a request to return an Inadvertently Produced Privileged Document, the receiving party will return or destroy the document, and all copies and derivations, within two business days. The party having returned or destroyed the Inadvertently Produced Privileged Document may thereafter seek production of the document, but shall not assert waiver as a grounds for such production.

16.     Violation. Any party to this Action may file a motion requesting the Court to sanction or hold in contempt of Court anyone who violates the terms of this Order.

17.     This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court made upon reasonable written request. Nothing in this Order shall preclude a party from making applications to the Court to disclose specific Confidential Discovery Material with persons not covered in paragraph 4, upon a showing of a particularized and compelling "need to know" basis, for the party to be able to effectively investigate and/or prosecute this Action; nor shall anything in this Order preclude a party from making applications to the Court for heightened confidentiality protections, including

10

"attorneys eyes only" protections, for specific Discovery Material, upon a showing of a particularized and compelling need.

The signature of Defendant's counsel below is only an acknowledgment that defense counsel has reviewed the foregoing draft prepared by Plaintiff's counsel, and has confirmed that it complies with the Court's order dated February 14, 2014 (dkt. 102). Neither party waives any objection to that order, nor to the Protective Order contemplated and ultimately entered by the Court.

/s/Pamela C. Spees
Pamela C. Spees, *admitted pro hac vice*
Baher Azmy, *admitted pro hac vice*
Jeena Shah, *admitted pro hac vice*
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
Tel. 212-614-6431
Fax 212-614-6499
pspees@ccrjustice.org

Luke Ryan (MA Bar No. 664999)
100 Main Street, Third Floor
Northampton, MA 01060
Tel. 413-586-4800
Fax 413-582-6419
lryan@strhlaw.com
*Attorneys for Plaintiff*

/s/Horatio G. Mihet
Horatio G. Mihet, *admitted pro hac vice*
Stephen M. Crampton, *admitted pro hac vice*
Mathew D. Staver, *admitted pro hac vice*
Liberty Counsel
P.O. Box 540774
Orlando, FL 32854-0774
Tel. 800-671-1776
Fax 407-875-0770
court@lc.org

Philip D. Moran (MA Bar No. 353920)
265 Essex Street, Suite 202 Salem,
Massachusetts 01970
Tel. 978-745-6085
Fax 978-741-2572
philipmoranesq@aol.com
*Attorneys for Defendant*

Dated: February 28, 2014

## ORDER

Subject to further modification by the Court, it is so **ORDERED**, this ___3ʳᵈ___ day of

___March___, 2014.

KENNETH P. NEIMAN
U.S. Magistrate Judge

11