UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| SEXUAL MINORITIES UGANDA,<br><br>        Plaintiff,<br><br>v.<br><br>SCOTT LIVELY, individually and as President of Abiding Truth Ministries,<br><br>        Defendant. | CIVIL ACTION<br><br>NO. 3-12-CV-30051-MAP |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ISSUANCE OF A SUBPOENA PURSUANT TO 28 U.S.C. SECTION 1783(a)**

**PRELIMINARY STATEMENT**

Plaintiff Sexual Minorities Uganda ("Plaintiff") respectively submits this memorandum of law in support of its Motion for Issuance of a Subpoena Pursuant to 28 U.S.C § 1783(a) (the "Motion"). The Motion seeks an order issuing a subpoena to take the deposition of Mr. Martin Ssempa, a key witness in this action. Mr. Ssempa is a citizen of the United States who currently resides in Uganda. Under 28 U.S.C § 1783 (the "Walsh Act"), the Court may issue a subpoena for a United States national or resident living abroad if the testimony sought is (1) necessary to the interests of justice and (2) cannot be obtained by other means.

In this case, both prongs of the Walsh Act test are easily met. Plaintiff's First Amended Complaint, dated July 13, 2012, (the "Complaint") alleges in detail that Defendant Scott Lively ("Defendant") conspired with Mr. Ssempa and others to "intentionally and severely deprive persons of fundamental rights on the basis of their sexual orientation and gender identity."

Complaint at ¶ 44.  Indeed, in its Order denying Defendant's Motions to Dismiss, dated August 14, 2013 (Dkt. No. 59) (the "Motion to Dismiss Order), this Court repeatedly referenced the Complaint's allegations regarding Mr. Ssempa.  *See* Motion to Dismiss Order at 7, 9, 10, 15, and 44-45.  As such, Mr. Ssempa is an important witness whose deposition testimony and documents are highly relevant to this action.  Moreover, because Uganda is not a party to the Hague Evidence Convention, and because Mr. Ssempa declined to give his deposition voluntarily, it is impossible to obtain his testimony absent the issuance of a subpoena.  Accordingly, Plaintiff is forced to bring this Motion.

## FACTUAL BACKGROUND

Mr. Ssempa is an anti-gay activist and long-time associate of Defendant.  Complaint at ¶ 7.  Mr. Ssempa is known for employing forced outings, and "homosexual exorcisms," and showing graphic pornography to his church congregations, as well as for making threatening statements and taking other actions, in order to deny the humanity of LGBTI individuals.  *Id.* at ¶ 120.

Mr. Ssempa has long conspired with Defendant and three others to deprive lesbian, gay, bisexual, transgender, and intersex ("LGBTI") people of their fundamental rights.  *Id.* at ¶¶ 43-44.  Indeed, from at least 2002, Mr. Ssempa has known and worked closely with Defendant and others to develop anti-gay strategies and tactics.  *Id.* at ¶ 119.  For example, as early as 2003, Mr. Ssempa was involved in an attempt to exclude LGBTI persons from governmental HIV/AIDS-prevention programs and policies.  *Id.* at ¶ 121; Motion to Dismiss Order at 9.  In 2007, Mr. Ssempa began to publicize the names, photos, and address information of LGBTI advocates in an attempt to intimidate those persons.  Complaint at ¶ 32; Motion to Dismiss Order at 9-10.  Mr. Ssempa also facilitated Defendant's communications with the Ugandan Parliament about the

Anti-Homosexuality Bill, which, among other things, criminalized advocacy of LGBTI rights and provision of various services to LGBTI persons, and provided that the death penalty be imposed for a second conviction for consensual sex between adults of the same gender. Complaint at ¶¶ 9, 140; Motion to Dismiss Order at 15, 44-45.  In addition, Mr. Ssempa took part in a March 2009 anti-gay conference at which Defendant consistently attributed to gays and lesbians genocidal tendencies, a predilection for child sexual abuse, and a campaign to "recruit" Ugandan children.  Complaint at ¶¶ 36, 75-82, 129; Motion to Dismiss Order at 15.  In light of his intimate involvement in, and knowledge of, Defendant's anti-gay campaign, Mr. Ssempa is expected to offer highly relevant testimony bearing directly on the allegations in the Complaint regarding the conspiracy to deprive Ugandan LGBTI persons of their fundamental rights.

According to a Nevada voter registration application Mr. Ssempa submitted on July 6, 2012, he is a United States citizen.  *See* Exhibit A to the Declaration of Joshua Colangelo-Bryan ("Colangelo-Bryan Decl.").  Because Mr. Ssempa is currently in Uganda, counsel for Plaintiff attempted to contact Mr. Ssempa in order to request that he voluntarily provide deposition testimony.  *Id.* at ¶¶ 4-8.  Specifically, counsel for Plaintiff spoke by telephone with Mr. Ssempa on January 6, 2015, and, thereafter, attempted to contact Mr. Ssempa multiple times on the telephone without success.  On March 20, 2015, counsel for Plaintiff sent a letter to Mr. Ssempa by email, inquiring if Mr. Ssempa was willing to appear voluntarily for a deposition in New York or elsewhere.  *Id.* at ¶¶ 6-7.  Mr. Ssempa, however, has not responded to the inquiries of counsel for Plaintiff regarding his willingness to appear voluntarily for a deposition.  *Id.* at ¶ 8. In addition, counsel for Defendant has stated that he is not willing to assist in attempting to arrange for Mr. Ssempa's voluntarily appearance for a deposition.  *Id.* at ¶ 9.  On March 27, 2015, Plaintiff attempted to serve a *subpoena duces tecum* and *subpoena ad testificandum* (the

"Ssempa Subpoenas") on Mr. Ssempa personally at the Nevada address listed on Mr. Ssempa's voter registration application. However, Plaintiff's process server was informed that Mr. Ssempa was in Uganda and it was not known when or if Mr. Ssempa planned to return to the United States. *Id.*, Exhibit D.

## ARGUMENT

Under the Walsh Act, the Court may order the issuance of a subpoena to an American citizen or resident who is located outside the United States if: (1) the testimony sought "is necessary in the interest of justice" and (2) "it is not possible to obtain his testimony in admissible form without his personal appearance." 28 U.S.C. § 1783(a). The Walsh Act further states that the subpoena "shall designate the time and place for the appearance" and service of the subpoena "shall be effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country." 28 U.S.C. § 1783(b).

### A. Mr. Ssempa Is Subject To The Walsh Act

Based on his own sworn declaration, Mr. Ssempa is a citizen of the United States. *See* Colangelo-Bryan Decl., Exhibit A. Specifically, on a Nevada voter registration application, dated July 6, 2012, Mr. Ssempa swore under penalty of perjury that he was a U.S. citizen. Accordingly, as a U.S. citizen, Mr. Ssempa is subject to the Walsh Act and may be the subject of a subpoena. *See* 28 U.S.C. § 1783(a) ("A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of a national or resident of the United States who is in a foreign country . . .").

### B. Mr. Ssempa Is A Key Witness Whose Testimony Is Highly Relevant

Testimony is "necessary in the interest of justice" if it is relevant under the liberal standards set forth in Federal Rule of Civil Procedure 26(b). *SEC v. Sabhlok*, 2009 WL

4

3561523, at *3 (N.D. Ca. Oct. 30, 2009); *see SEC v. Sandifur*, 2006 WL 3692611, at *4 (W.D. Wash. Dec. 11, 2006) (finding "interests of justice" prong was satisfied if party seeking order established testimony would be discoverable under the federal rules).  The relevance determination requires the Court to evaluate the circumstances of the particular case, and must be made in light of "the predicate theory of federal pre-trial discovery—the production of relevant material essential for the full and fair litigation of a cause of action." *Estate of Unger v. Palestinian Authority*, 412 F. Supp. 2d 328, 333 (S.D.N.Y. 2006); *Klesch & Co. Ltd. V. Liberty Media Corp.*, 217 F.R.D. 517, 523 (D. Colo. 2003).

Here, Mr. Ssempa's testimony and the documents he likely possesses are entirely necessary in the interest of justice because they bear directly on the allegations in the Complaint. Specifically, the Complaint alleges that Mr. Ssempa conspired with Defendant and three others to deprive LGBTI persons of their fundamental rights.  Complaint at ¶¶ 43-44.  For example, Mr. Ssempa:  (1) attempted to exclude LGBTI persons from governmental HIV/AIDS-prevention programs and policies; (2) publicized the names, photos, and address information of LGBTI advocates in an attempt to intimidate those persons; and (3) helped bring about, and facilitated Defendant's communications with the Ugandan Parliament about the Anti-Homosexuality Bill. *Id.* at ¶¶ 9, 32, 43-44, 121, and 140.  Mr. Ssempa, a key figure in the conspiracy alleged in the Complaint, will likely provide critical testimony on, among other things, Defendant's involvement in that conspiracy, the intentions of the co-conspirators, and the effect of Defendant and his co-conspirators' actions on Ugandan LGBTI persons.  Thus, Mr. Ssempa's testimony is plainly "necessary in the interest of justice."

**C.    Plaintiff Cannot Obtain Mr. Ssempa's Testimony By Other Means**

The second prong of the Walsh Act requires a showing that it is "impractical" to obtain

the witness' testimony otherwise. *Sandifur*, 2006 WL 3692611, at *4 ("Subpoenas may be issued when it is 'impractical' to obtain the information. Sheer impossibility is not required.") (citing *CSI Inv. Partners II, L.P. v. Cendant Corp.*, 2006 U.S. Dist. LEXIS 11014, at *14 (S.D.N.Y. 2006)). In *Sandifur*, the subpoena was issued even though the witness had provided testimony in a related matter and an alternative means, the Hague Evidence Convention, was available to obtain the witness's testimony. *Id.* at *4-5. Here, however, Mr. Ssempa has provided no prior testimony and there are no alternative means, given that Uganda is not a party to the Hague Evidence Convention, Mr. Ssempa has refused to appear voluntarily, and Mr. Ssempa does not currently reside in the U.S. *See* Colangelo-Bryan Decl. at ¶¶ 4-10; *id.*, Exhibits B, C, and D. Thus, it is not just impractical but impossible to secure Mr. Ssempa's testimony by other means. Accordingly, the second prong of the Walsh Act test is satisfied.

### D. Deposition Location And Service Of The Subpoena

#### 1. The deposition should be conducted in the United States

The Walsh Act specifies that the "subpoena shall designate the time and place for the appearance." 28 U.S.C. § 1374(b). While some courts have permitted depositions overseas (or telephonically), recent cases have concluded that the appearance must be within the United States because courts do not have jurisdiction to supervise depositions outside the United States. *See Sabhlok*, 2009 WL 3561523, at *6 ("Where, as here, the subpoena is sought under the Court's authority to compel the testimony of a United States citizen, there is simply no basis in law for permitting the testimony to occur in [another country]. The Court lacks jurisdiction over the process, and the Court's lack of jurisdiction also renders the event something other than what it purports to be."); *Medimmune, LLC v. PDL Biopharma, Inc.*, 2010 WL 2179154, at *2 (N.D. Ca. May 27, 2010) (ordering the deposition to take place in the United States in part because "it

is doubtful whether this court has the authority to compel [the deponent] to sit for a deposition [outside the United States]" and the court "would have no jurisdiction over the proceedings if the deposition took place [outside the United States]"). Thus, the deposition of Mr. Ssempa should take place in the United States, either in this district or at the offices of counsel for Plaintiff in New York. In accordance with the Walsh Act, Plaintiff will also tender a check for any amount the Court deems sufficient to cover the cost of Mr. Ssempa's travel, accommodations in the United States, and witness fees.

    **2.    The Court Should Permit Service On Mr. Ssempa By Personal Service Or International Courier**

The Walsh Act requires service to be "effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country." 28 U.S.C. § 1783(b). Fed. R. Civ. P. 4(f)(2), which governs service of process on a person in a foreign country, provides that where, as here, there is no applicable internationally agreed means of service (such as the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters), an overseas individual may be served "by a method reasonably calculated to give notice." One method of international service is by personal service, as permitted by Rule 4(f)(2)(C)(i). Rule 4(f)(2)(C)(ii) provides another example of an accepted method of international service: "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served." Federal courts have held that service by international couriers, such as Federal Express or DHL, constitute "any form of mail" and satisfy Rule 4(f)(2)(C). *See, e.g.*, *SignalQuest, Inc. v. Tien-Ming Chou*, 284 F.R.D. 45 (D.N.H. 2012); *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687 (S.D. Fla. 2012); *Stiefel Labs., Inc. v. Galenium USA, LLC*, 2006 WL 1548006, at *1 (S.D. Fla. Apr. 11, 2006); *Power Integrations, Inc. v. Sys. Gen. Corp.*, 2004 WL 2806168, at *2 & n. 3 (N.D. Cal. Dec. 7, 2004).

7

Moreover, Uganda does not prohibit either personal service or service by international courier.  *See* Rule 4(f)(2)(C) (personal service or service by mail must not be prohibited by the foreign country's law); *SignalQuest, Inc. v. Tien-Ming Chou*, 284 F.R.D. 45, 48 ("[A] method of service under Rule 4(f)(2)(C) is permitted unless expressly prohibited by a foreign country's laws.") (quoting *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 2011 WL 3903232, at *3 (N.D. Cal. Sept. 6, 2011)); Uganda Civil Procedure Rules, SI 71-1 Order 5 Rule 10 ("Wherever it is practicable, service shall be made on the defendant in person, unless he or she has an agent empowered to accept service, in which case service on the agent shall be sufficient."); *see generally* Uganda Civil Procedure Rules, SI 71-1 (containing no prohibition on service by courier).

Personal service on Mr. Ssempa or use of an international courier will ensure that service occurs promptly, allowing the deposition to occur before the end of fact discovery.  Accordingly, Plaintiff requests that the Court permit service of the subpoena on Mr. Ssempa personally in Uganda or, in the alternative, by international courier.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that its Motion for Issuance of a Subpoena Pursuant to 28 U.S.C § 1783(a) be granted.

Dated: April 9, 2015

Respectfully submitted,

/s/_Kaleb McNeely_____
Pamela C. Spees, admitted *pro hac vice*
Baher Azmy, admitted *pro hac vice*
Jeena Shah, admitted *pro hac vice*
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
Tel. 212-614-6431
Fax 212-614-6499
pspees@ccrjustice.org

Mark S. Sullivan, admitted *pro hac vice*
Joshua Colangelo-Bryan, admitted *pro hac vice*
Gina Spiegelman, admitted *pro hac vice*
Daniel W. Beebe, admitted *pro hac vice*
Kaleb McNeely, admitted *pro hac vice*
Dorsey & Whitney, LLP
51 West 52nd Street, New York, New York 10019-6119
Tel. 212-415-9200
sullivan.mark@dorsey.com

Luke Ryan (MA Bar No. 664999)
100 Main Street, Third Floor
Northampton, MA 01060
Tel. 413-586-4800
Fax 413-582-6419
lryan@strhlaw.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically with the Court on April 9, 2015. Service will be effectuated by the Court's electronic notification system upon all counsel or parties of record.

/s/_ Kaleb McNeely_____
Kaleb McNeely