**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **SEXUAL MINORITIES UGANDA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | **Civil Action No.** |
| | ) | |
| *v.* | ) | **3:12-CV-30051** |
| | ) | |
| **SCOTT LIVELY, individually and as** | ) | |
| **President of Abiding Truth** | ) | |
| **Ministries,** | ) | |
| | ) | |
| *Defendant.* | ) | |

# EXHIBIT A

## INSTRUCTIONS

1.      <u>General</u>. You should produce all documents and other materials described below in your actual or constructive possession or custody, or subject to your control, as further described herein.

2.      Each request covers documents in your possession, custody, or control, which extends to any document in the possession, custody, or control of any of your agents, including but not limited to your employees, advisors, accountants, and attorneys, and includes documents which are not in your custody but are controlled in whole or in part by you, or those which you have an understanding that you may use, inspect, examine, or copy.

3.      Documents shall be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the numbered document request(s) to which they respond.

4.      If any document requested was, but is no longer, in your possession, custody, or control, identify the document and state what disposition was made of it and the date or dates

1

upon which such disposition was made, and additionally, produce all documents relating to the disposition of such document.

5.    If you object to any request, you should: (i) identify the portion of such request claimed to be objectionable and state the nature and basis of the objection; (ii) identify any documents withheld pursuant to such objection with sufficient particularity and in sufficient detail to permit the court to determine whether the documents fall within the scope of such objection; and (iii) produce documents in response to any portion of such request that is not claimed to be objectionable.

6.    If you assert a claim of privilege with respect to any request, or a portion thereof, you must identify the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked. You must also provide the following information in the objection: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

7.    If a document exists only in electronic form, please convert the document into printable form and also provide a copy thereof in electronic form and indicate which software application(s) were used to create the document and/or can be used to open the document.

8.    The terms "and," "or," "and/or" have both conjunctive and disjunctive meanings, and the terms "each," "any," and "all" mean "each and every."

9.    Any singular term will be deemed to include the plural, and any plural term the singular. All pronouns and variations thereof will be deemed to refer to the feminine, masculine or neuter, singular or plural, as the identity of the person or thing referred to requires.

10.     Unless otherwise specified, the relevant date range for documents responsive to these requests includes any documents created between January 1, 2002 and the present.

## DEFINITIONS

1.     "Plaintiff" means Sexual Minorities Uganda, referred to herein as "SMUG".

2.     "You" and "Your" mean Martin Ssempa, in his individual capacity and in the capacity in which he acted on behalf of any entity or association, or their affiliates and subsidiaries.

3.     "Document" is defined to mean and include "documents or electronically stored information" as used in Fed. R. Civ. P. 34(a)(1)(A) and Local Rule 26.5(c)(2), and "communications" as used in Local Rule 26.5(c)(1), including but not limited to e-mails, video and/or audio recordings, records of information transmitted via meetings or telephone conversations, letters, correspondence, notes, facsimiles, and other internet-based communications, including on social media platforms (i.e., Facebook, Twitter, or similar), or other forms of verbal and/or communicative intercourse.

4.     "Identify,"

    a.  with respect to persons, is defined to be synonymous in meaning and equal in scope to the usage of the term in Local Rule 26.5(c)(3); and

    b.  with respect to documents, is defined to be synonymous in meaning and equal in scope to the usage of the term in Local Rule 26.5(c)(4).

5.     "Possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody or control by you and your attorneys, accountants, and other agents and advisors for you and by any entity that you controls or directs, either formally or constructively. A document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

3

6.      "Including" shall always be construed to mean "including, but not limited to," or "including, without limitation."

7.      "Relating to" means in any way, directly or indirectly, alluding to, amending, assisting with, cancelling, commenting on, comprising, concerning, confirming, considering, constituting, contradicting, describing, discussing, endorsing, evidencing, identifying, incorporating, mentioning, modifying, negating, pertaining to, qualifying, referring to, reflecting, regarding, relevant to, representing, revoking, showing, suggesting, supplementing, supporting, terminating, underlying, or otherwise involving the subject matter of the specific request.

8.      "Relationship" means the connection or state of affairs between persons or entities having dealings with each other.

9.      "Person" is defined to be synonymous in meaning and equal in scope to the usage of the term in Local Rule 26.5(c)(6), and is also defined to include any entity or association.

10.     "Lawsuit" refers to the lawsuit entitled Sexual Minorities Uganda v. Scott Lively, in the United States District Court, District of Massachusetts, Civil Action No. 3:12-CV-30051, and shall include all claims asserted therein.

11.     "Financial Transaction" means any exchange of money or other items of value.

12.     "Sexual Minorities" means any persons who identify as or are perceived or referred to as homosexual, lesbian, gay, bisexual, transgender, or intersex.

4

## DOCUMENTS TO BE PRODUCED

1. All documents concerning communications between You, on the one hand, and Scott Lively or Abiding Truth Ministries, on the other hand.

2. All documents relating to Scott Lively.

3. All documents reflecting Your distribution of any of Scott Lively's writings and/or any video or audio recordings featuring Scott Lively.

4. All documents relating to Scott Lively's trip to Uganda in March 2009.

5. All documents relating to Scott Lively's trip(s) to Uganda in 2002, including but not limited to, his appearance and interview with You on Your television show.

6. All documents relating to any meetings between You and Scott Lively, whether those meetings took place in person or otherwise, and whether those meetings took place in the United States, Uganda or elsewhere.

7. All documents relating to any Financial Transactions between You or Makerere Community Church, on the one hand, and Scott Lively or Abiding Truth Ministries, on the other hand, including but not limited to any receipts reflecting any such Financial Transactions.

8. All documents relating to the Makerere Community Church, including all reports, publications, and/or communications between or among You and any of its agents or employees, concerning Scott Lively, homosexuality, so-called homosexual behavior, the promotion of so-called homosexual behavior, the so-called gay or homosexual agenda, including the March 2009 conference entitled "Seminar on Exposing the Homosexual Agenda," HIV/AIDS, and/or SMUG.

9. All documents relating to Your communications with Stephen Langa, James Buturo, David Bahati, and/or, Simon Lokodo, or others in Uganda concerning Scott Lively, homosexuality, so-called homosexual behavior, the promotion of so-called homosexual behavior, the so-called gay or homosexual agenda, including the March 2009 conference entitled "Seminar on Exposing the Homosexual Agenda," HIV/AIDS, and/or SMUG.

10. All documents relating to any meetings, whether in person or otherwise, between You, on the one hand, and Stephen Langa, James Buturo, David Bahati, or Simon Lokodo, on the other hand, concerning Scott Lively, homosexuality, so-called homosexual behavior, the promotion of so-called homosexual behavior, the so-called gay or homosexual agenda, including the March 2009 conference entitled "Seminar on Exposing the Homosexual Agenda," HIV/AIDS, and/or SMUG, whether those meetings took place in the United States, Uganda or elsewhere.

11. All documents relating to Your relationship with Stephen Langa, James Buturo, David Bahati, Simon Lokodo and any other organizers of any anti-gay conferences in Uganda in March 2009, including but not limited to any Financial Transactions, contracts, agreements, or memorandums of understanding between You and any of the aforementioned individuals.

12. All documents relating to Your work relating to homosexuality, so-called homosexual behavior, the promotion of so-called homosexual behavior, and/or the so-called gay or homosexual agenda, including but not limited to, any writings or speeches.

13. All documents relating to the March 2009 conference entitled "Seminar on Exposing the Homosexual Agenda" or any other activities or meetings held or attended by You in Uganda in March 2009 concerning homosexuality, so-called homosexual behavior, the promotion of so-called homosexual behavior, the so-called gay or homosexual agenda, HIV/AIDS, and/or SMUG.

14. All documents relating to Your involvement with policies or programs of the Ugandan government related to HIV/AIDS.

15. All documents relating to Your statements concerning access to HIV/AIDS education or treatment by Sexual Minorities.

16. All documents relating to an event held on or about August 21, 2007 described by You as "a call for action on behalf of victims of homosexuality."

17. The document entitled "The Official Statement of Inter Faith, Culture and Family Coalition Against Homosexuality in Uganda to the Uganda Government," published in or around August 2007.and all documents concerning the ownership, management and administration of the website on which it was posted bearing the URL http://kobsrugby.com/demo.

18. All documents relating to the public demonstration on or about April 21, 2009 demanding that the Ugandan Parliament take action against homosexuality.

19. All documents relating to a meeting with then-Deputy Speaker of Parliament Rebecca Kadaga on or about April 21, 2009.

20. All documents relating to an event held at or around the Ugandan Parliament on or about April 29, 2009, when Member of Parliament David Bahati obtained approval to introduce the Anti-Homosexuality Bill.

21. All documents relating to Your involvement in events, including a public demonstration against homosexuality, so-called homosexual behavior, the promotion of so-called homosexual behavior, and/or the so-called gay or homosexual agenda, held in Jinja, Uganda on or about February 15, 2010.

22. All documents relating to a workshop organized by East and Horn of Africa Human Rights Defenders Project and held on or about June 18, 2012 at the Esella Country Hotel in or near Kampala, Uganda.

23. All documents relating to the Ugandan Government's efforts to de-register or prevent the registration of non-governmental organizations for alleged promotion of homosexuality or allegedly recruiting children into homosexuality.

24. All documents relating to a workshop organized by Freedom and Roam Uganda and held on or about February 14, 2012 at the Imperial Resort Hotel in or near Entebbe, Uganda.

25. All documents relating to the HIV/Implementers Meeting held in Kampala, Uganda on or about June 4, 2008, including but not limited to documents concerning arrests that occurred at that meeting.

26. All documents relating to a health clinic organized by Icebreakers Uganda and SMUG in Kampala, Uganda.

27. All documents relating to radio programs hosted by Gaetano Kaggwa, previously a manager of Capital FM radio station, that featured guests identified as being Sexual Minorities.

28. All documents relating to the suspension of Gaetano Kaggwa in or around August 2007.

29. All documents relating to the case *Victor Juliet Mukasa and Yvonne Oyo v. The Attorney General*, for which there was a ruling issued by the High Court of Uganda in 2008, including the events underlying the case and any and all communications between or among You, Local Council of Kireka members or councillors, and/or witnesses involved in the case.

30. All documents, including communications with the author and/or editor before and after publication, relating to an article published in the July 6, 2005 edition of the *New Vision* newspaper urging that "[t]he police should visit the holes mentioned in the press, spy on the perverts, arrest and prosecute them. Relevant government departments must outlaw or restrict websites, magazines, newspapers and television channels promoting immorality – including homosexuality, lesbianism, pornography, etc."

31. All documents relating to proposed or enacted legislation in Uganda concerning homosexuality, including same-sex sexual conduct, and/or the so-called promotion of homosexuality, including but not limited to the Ugandan Anti-Homosexuality Bill, which was introduced in 2009 and enacted in 2014, and the "Prohibition of Promotion of Unnatural Sexual Practices Bill."

32. All documents relating to gay pride events, or events organized by Sexual Minorities, in Entebbe, Uganda in August 2012.

33. All documents relating to the raid and closure of the Makerere University Walter Reed Project in or around April 2014.

34. All documents relating to the Civil Society Coalition on Human Rights and Constitutional Law.

35. All documents relating to the Refugee Law Project.

36. All documents relating to SMUG, member organizations of SMUG, and/or SMUG's current or former agents, officers, and employees, including but not limited to Frank Mugisha, Pepe Onziema, Richard Lusimbo, Victor Mukasa, David Kato, and Kasha Nabagasera.

7

37. All documents relating to Kale Kayihura, Sydney Nsubuga Enoch, Paul Kagaba, George Oundo, and Giles Muhame, including but not limited to communications between You and any of the aforementioned individuals.

38. All documents relating to communications concerning homosexuality, so-called homosexual behavior, the promotion of so-called homosexual behavior, the so-called gay or homosexual agenda, HIV/AIDS, and/or SMUG, between or among You and present or former reporters, editors, and/or other agents or employees of the following Uganda-based publications: *The Red Pepper*, *Hello*, or *The Rolling Stone* tabloid.

39. All documents relating to any Financial Transactions between You, on the one hand, and the following Uganda-based publications on the other hand: *The Red Pepper*, *Hello*, or *The Rolling Stone* tabloid, or any present or former reporters, editors, and/or other agents or employees thereof.

40. All documents relating to the event that took place on or about March 31, 2014, entitled "National Thanksgiving Service Celebrating the Passing of the Anti-Homosexuality Bill."

41. All documents relating to the Inter-Religious Council of Uganda, including all communications between or among You and any of its agents or employees, concerning Scott Lively, homosexuality, so-called homosexual behavior, the promotion of so-called homosexual behavior, the so-called gay or homosexual agenda, HIV/AIDS, and/or SMUG.

42. All documents relating to the Coalition for Advancement of Moral Values in East Africa, including all communications between or among You and any of its agents or employees, concerning Scott Lively, homosexuality, so-called homosexual behavior, the promotion of so-called homosexual behavior, the so-called gay or homosexual agenda, HIV/AIDS, and/or SMUG.

43. All documents relating to Canyon Ridge Christian Church, including any documents relating to Financial Transactions between You and Canyon Ridge Christian Church and all communications between or among You and any employees or agents of Canyon Ridge Christian Church concerning the Anti-Homosexuality Bill, homosexuality, and/or Scott Lively.

44. All documents relating to Oakseed Ministries International, including any documents relating to Financial Transactions between You and Oakseed Ministries International and all communications between or among You and any employees or agents of Oakseed Ministries International concerning the Anti-Homosexuality Bill, homosexuality, and/or Scott Lively.

45. All documents relating to the U.S.-based Saddleback Church, including any documents relating to Financial Transactions between You and Saddleback Church and all communications between or among You and any employees or agents of Saddleback Church concerning the Anti-Homosexuality Bill, homosexuality and/or Scott Lively.

8

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3-12-CV-30051-MAP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  _____

on *(date)*  _____  .

☐ I served the subpoena by delivering a copy to the named individual as follows:  _____

_____

_____  on *(date)*  _____  ; or

☐ I returned the subpoena unexecuted because:  _____

_____  .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____  .

My fees are $ _____  for travel and $ _____  for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  _____                    _____
                                                              *Server's signature*

                                                        _____
                                                              *Printed name and title*

                                                        _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).